■ HERTZ CORPORATION, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Louis Grossman, J.), entered May 28, 1986, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs or disbursements.

Hertz rented a Ford Thunderbird to Muriel Dickman under an agreement by which Hertz, pursuant to its status as a self-insurer under the Vehicle and Traffic Law, agreed to provide bodily injury liability coverage with $100,000/$300,000 limits for its customer and any authorized operator. The Hertz vehicle was subsequently involved in a two-car collision in which its driver, Jerome Krawitz, Dickman's son-in-law, and the other driver, Joseph Paul Cusick III, were killed. Muriel Dickman, a passenger in the Hertz vehicle, was injured. Krawitz had his own policy with limits of $250,000/$500,000 with Allstate. If Krawitz was driving a "non-owned" vehicle, as here, however, Allstate's policy was to be excess. The accident gave rise to three lawsuits, which were eventually consolidated for trial. Muriel Dickman and her husband sued Hertz and Cusick's estate for personal injuries and loss of services, respectively, alleging as against Hertz the renting of a defective motor vehicle. The complaint also contained a single allegation of Krawitz's operational negligence. Hertz impleaded the Ford Motor Company, the manufacturer of the rented car, in connection with this defect. It also interposed two counterclaims against Muriel Dickman. The first alleged, *inter alia,* that "[i]f plaintiffs were injured * * * it was through the operation of the vehicle by Jerome Krawitz." This allegation was only asserted, however, in support of Hertz's claim that Muriel Dickman breached her rental agreement by

allowing an unauthorized operator to drive its vehicle. Moreover, Krawitz's estate was never named as or made a party defendant to any of the three actions. Nor was any counterclaim ever asserted against the estate until, allegedly, one was asserted at trial by Hertz. Cusick's estate sued Hertz for wrongful death while Krawitz's estate sued Hertz, Ford and the Cusick estate for wrongful death.

Eventually, the three actions were settled pursuant to a stipulation in open court. The Dickman claims were settled in return for a payment of $375,000 by Hertz, $355,000 to Muriel and $20,000 to her husband, with Hertz reserving its rights to pursue Allstate, as Krawitz's insurer, for the $250,000 per person excess coverage afforded under its policy with respect to Muriel Dickman's settlement. Hertz thereafter commenced this action, seeking a declaration that Allstate's policy provides $250,000 excess coverage to Hertz's $100,000 limit for the $355,000 paid to Muriel Dickman. Allstate moved for summary judgment dismissing the complaint and for summary judgment on its counterclaim seeking compensatory and punitive damages for Hertz's breach of fiduciary duty and bad faith toward it, the excess insurer, in the handling of the underlying action. The court denied the motion in its entirety, finding issues of fact. We affirm.

Contrary to Allstate's position, this case is not controlled by *Chrysler Leasing Corp. v Public Adm'r, N. Y. County* (85 AD2d 410), which proscribes recovery by an insurer, as subrogee, against its own insured, at least with respect to a claim arising out of an incident covered by the insurer's policy as to that insured. Rather, this is an action between carriers for a declaration as to the division of responsibility between them. *(See, Liberty Mut. Ins. Co. v Prudential Prop. & Cas. Ins. Co.,* 59 NY2d 1021.)

Allstate claims that its insured, the Krawitz estate, was not a party to the Dickman action or, for that matter, except as a plaintiff asserting its own claim for damages, to any of the actions which were an outgrowth of the accident. If such contention is correct, while Hertz's settlement of the Dickman claims may have encompassed, in part, Krawitz's alleged acts of negligence, charged vicariously to Hertz, it could not include a claim which had never been asserted against him or his estate. In such circumstances, since Krawitz's estate was never legally obligated to pay damages, no claim ever having been asserted against it, Allstate would be under no obligation to pay damages, either as a primary or excess carrier, and Hertz would have no right to be indemnified under the other

insurance clause of Allstate's policy. *(Medical Malpractice Ins. Assn. v Medical Liab. Mut. Ins. Co.,* 86 AD2d 476, 481.) Allstate's obligation is to pay all damages which its insured "shall be legally obligated to pay." Absent such an obligation, it need not respond to Hertz's claim for $250,000 in indemnification.

We would grant Allstate's motion for summary judgment and declare in its favor were it not for Hertz's trial counsel's sworn averment that an amendment was granted during trial and before the settlement allowing the assertion of a Hertz counterclaim against the Krawitz estate for indemnification of any damages awarded to the plaintiffs Dickman by virtue of Krawitz's negligence in the operation of the Hertz vehicle. While the claim finds little support in the record, it nonetheless poses an issue of fact sufficient to bar summary judgment. Whether such an eleventh-hour amendment, if granted at all, would be timely and sufficient to preserve whatever rights Hertz might have to a proration of the loss under Allstate's policy is an issue we need not reach.

We have examined the other points raised and find that they are without merit. Concur—Murphy, P. J., Kupferman, Sullivan, Asch and Ellerin, JJ.